**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4690

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERROL RAHNELL TAHEIM BASTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:21-cr-00037-BO-1)

Submitted:  September 22, 2022                    Decided:  September 30, 2022

Before HARRIS and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Errol Rahnell Taheim Baston pled guilty, without the benefit of a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2018). On appeal, Baston contends that the district court erred in sentencing him as an armed career criminal because he did not commit two prior offenses on different occasions. We affirm the district court's judgment.

We review de novo the district court's legal determinations regarding the applicability of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *United States v. Thompson*, 421 F.3d 278, 280-81 (4th Cir. 2005). Under the ACCA, a defendant is subject to a mandatory minimum 15-year term of imprisonment if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We have defined occasions as "those predicate offenses that can be isolated with a beginning and an end—ones that constitute an occurrence unto themselves." *Thompson*, 421 F.3d at 285 (internal quotation marks omitted). And we have identified several factors for district courts to consider in determining if offenses were committed on different occasions: "whether the offenses arose in different geographic locations; whether the nature of the offenses was substantively different; and whether the offenses involved multiple victims or multiple criminal objectives." *United States v. Letterlough*, 63 F.3d 332, 335-36 (4th Cir. 1995) (footnotes omitted). "[I]f any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." *Id.*

2

The Supreme Court recently identified similar factors as relevant in considering whether offenses were committed on the same occasion:

> Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

*Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022); *see also United States v. Daniels*, No. 21-4171, 2022 WL 1135102, at *1 (4th Cir. Apr. 18, 2022) (recognizing "*Wooden* is consistent with *Letterlough* and *Thompson*"), *petition for cert. docketed*, No. 22-5102 (U.S. July 13, 2022). The Court noted that courts of appeals "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Wooden*, 142 S. Ct. at 1071 (internal quotation marks omitted).

The district court correctly concluded that Baston committed his offenses on different occasions. Two months passed between the two attempted robberies. *See Daniels*, 2022 WL 1135102, at *1 (concluding three offenses committed on April 15, April 20, and May 8 occurred on different occasions); *Thompson*, 421 F.3d at 285 (determining seven burglaries committed over the course of six days counted as separate occasions). The lack of temporal proximity in this case is sufficient to separate the two offenses.

3

Therefore, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*